UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-2428 (PLF) |
| MICHAEL O. LEAVITT, Administrator United States Environmental Protection Agency, | ) |
| Defendant. | ) |

OPINION

This matter is before the Court on the plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment. The plaintiff is an employee of the Environmental Protection Agency ("EPA") and brought suit against the agency alleging discrimination on the basis of disability as well as retaliation for pursuing past claims of discrimination in violation of the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* On February 20, 2004, the plaintiff filed a motion for a preliminary injunction to enjoin the defendant from requiring her to work in an EPA office and reassigning her to a new position. In order to determine whether to grant the preliminary injunction, the Court was required to assess the merits of the plaintiff's case and the EPA's defenses. See Coleman-Adebayo v. Leavitt, 326 F. Supp.2d 132, 135-36 (D.D.C. 2004). On July 26, 2004, the Court dismissed the plaintiff's retaliation claims for failure to exhaust administrative remedies, granted summary judgment in favor of the defendant on the plaintiff's

disability claim and denied the plaintiff's motion for a temporary restraining order and preliminary injunction as moot. See id. at 138-39, 144-45.

On August 6, 2004, the plaintiff filed a motion to alter or amend judgment contending that the Court erred by dismissing her retaliation claim in its entirety because she had in fact exhausted administrative remedies for the portion of her claim that dates back to the years 1999 through 2001. The plaintiff also contends that the Court erred in granting summary judgment in favor of the defendant on her disability claim. For the reasons set forth below, the Court grants the plaintiff's motion to alter or amend judgment on her retaliation claim but denies the plaintiff's motion on her disability claim.

I.  BACKGROUND

The plaintiff, Marsha Coleman-Adebayo, Ph.D., has been employed at the EPA since August of 1990. She suffers from a variety of ailments, including multiple sclerosis, hypertension, glaucoma and optic neuritis. The plaintiff has argued that these conditions constitute a disability, that the stress of working in an EPA office exacerbates these conditions and creates a significant risk to her health, and that she should be allowed to work from home as a reasonable accommodation of her disability.

On December 21, 2000, the plaintiff filed a motion for a temporary restraining order to require the EPA to allow her to work from home under the agency's Medical Flexiplace program. The EPA acceded to the plaintiff's request without acknowledging the validity of her claims and the parties attempted to negotiate a resolution of the matter. The parties engaged in mediation until November 4, 2003 without a settlement of the plaintiff's complaint. Two days later, the EPA informed the plaintiff that she would be required to return to work in an EPA

office. On November 18, 2003, the plaintiff's attorney informed the EPA that the plaintiff intended to bring suit to prevent the EPA from ordering her back to work in an EPA office. Three days later, the plaintiff's direct supervisor reassigned her to the Office of Cooperative Management to a position eventually titled Program Analyst.

The plaintiff filed the current suit against the EPA on November 24, 2003. She alleged that the EPA discriminated against her on the basis of her disability by failing to provide her with reasonable accommodations in violation of the Rehabilitation Act, 29 U.S.C. § 791. Her suit also contains what can best be categorized as two sets of claims of retaliatory acts taken by the EPA in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The first set of claims relates to retaliatory acts taken by the EPA from 1999 to 2001 for which the plaintiff filed five administrative complaints between 2000 and 2001 with the Office of Civil Rights of the EPA. See Complaint and Demand for Jury Trial ("Compl.") ¶¶ 1-2.[1] The plaintiff's complaint also alleged that the EPA retaliated against her in November and December of 2003 by ordering her to return to work in an EPA office and reassigning her to a new position. See Compl. ¶¶ 24-29, 33-34. She did not file administrative complaints regarding these actions until February 13, 2004. See Coleman-Adebayo, 326 F. Supp.2d at 138-39.

---

[1] The plaintiff filed five administrative complaints against the EPA during 2000 and 2001. See Complaint of Discrimination ("Compl. of Disc.") 99-0155HQ, (March 16, 2000); Compl. of Disc. 2000-0007HQ (July 28, 2000); Compl. of Disc. 2000-0081HQ (October 17, 2000); Compl. of Disc. 2000-0085HQ (January 1, 2001); Compl. of Disc. 2001-0014HQ (March 2, 2001). The allegations of retaliation in this suit are best summarized in the administrative complaint dated March 2, 2001. In that complaint, the plaintiff argued that the EPA retaliated against her because she had testified before Congress and won a jury verdict against the EPA. See Compl. of Disc. 2001-0014HQ (March 2, 2001). The alleged retaliatory acts consisted of: (1) a "retaliatory" memorandum by the plaintiff's superior; (2) a letter of reprimand for participating in protected activity; (3) assignment of plaintiff to a work project outside her area of expertise; and (4) an extension of the plaintiff's work detail on the project outside her expertise. See id.

II.  ANALYSIS

The plaintiff requests that the Court "alter or amend" its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  "'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Niedermeier v. Office of Max S. Baucus, 153 F. Supp.2d 23, 28 (D.D.C. 2001).  In her Rule 59(e) motion, the plaintiff contends that the Court's judgment was clear error and therefore requests that the Court reconsider its Opinion and Order on the matter.

*A. Plaintiff's Motion to Alter or Amend the Court's Dismissal of Her Retaliation Claim*

The Court dismissed the plaintiff's retaliation claim against the EPA for failure to exhaust administrative remedies.  See Coleman-Adebayo, 326 F.Supp.2d at 137-39.  The plaintiff contends that the Court erred because she had in fact exhausted administrative remedies by filing five administrative complaints in 2000 and 2001 regarding the allegedly retaliatory acts by the EPA occurring between 1999 and 2001.  See Plaintiff's Memorandum in Support of Her Motion Under Rule 59(e) to Alter or Amend Judgment ("Pl.'s Mem.") at 2-5.  These claims, the plaintiff argues, were exhausted 180 days after they were filed.  See id. at 5; see also 42 U.S.C. § 2000e-16(c).  She concedes, however, that she had not exhausted her administrative remedies for EPA acts occurring in November and December of 2003.  See Pl.'s Mem. at 6-7.

Because the acts of the EPA occurring in 2003 formed the basis for the plaintiff's request for injunctive relief and were the focus of her legal arguments on the motion to dismiss and for summary judgment, the Court focused exclusively on this set of retaliation allegations in its analysis of the matter. The Court's only discussion of the 1999 through 2001 retaliation allegations was as a part of its examination into whether the 2003 retaliation allegations were discrete acts requiring exhaustion of administrative remedies or whether the 2003 allegations could "piggy-back" on the exhausted 1999 through 2001 claims. Coleman-Adebayo, 326 F.Supp.2d at 137-38. After concluding that the 2003 allegations were discrete acts that had not been exhausted, the Court granted the defendant's motion to dismiss the plaintiff's retaliation claim. See id. at 139. The plaintiff argues that the Court erred by dismissing her retaliation claim in its entirety for failing to exhaust administrative remedies because she had in fact exhausted administrative remedies with respect to the retaliatory acts taking place from 1999 to 2001 and set forth in the five administrative complaints she filed in 2000 and 2001. See Pl.'s Mem. at 7.

The defendant does not dispute that the plaintiff exhausted her administrative remedies for her 1999 through 2001 retaliation claims. Rather, the defendant argues that the doctrines of collateral estoppel and the law-of-the-case bar plaintiff from attempting to relitigate her disability claim. See Defendant's Opposition to Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment ("Def.'s Opp.") at 14. The Court need not address this argument, however, as it has no bearing on the plaintiff's retaliation claim. The defendant's only response with respect to the retaliation claim is to assert that each allegation of retaliation in the five administrative complaints the plaintiff filed in 2000 and 2001 should be dismissed for failure to

state a claim. See id. at 15. The defendant provides scant support for this argument, however, devoting a brief sentence in response to each of the plaintiff's retaliation claims that simply states that the plaintiff has failed to state a claim along with a citation to case law. The defendant neglects to provide any context or comparison of the facts here to those in the cited cases.[2] Given the cursory treatment the defendant has devoted to these legal arguments, the Court is in no position to decide whether the plaintiff has failed to state a claim. See Washington Legal Clinic for the Homeless v. Barry, 107 F.3d 32, 39 (D.C. Cir. 1997) (declining to resolve an issue supported only with "bare-bones" argument on a Rule 59(e) motion).

Upon reconsideration, the Court agrees with the plaintiff and acknowledges that it erred in dismissing her retaliation claim in its entirety because she had in fact exhausted administrative remedies for her 1999 through 2001 retaliation claim. Accordingly, the plaintiff's motion to alter or amend judgment with respect to her 1999 through 2001 retaliation claim is granted.

### B. Plaintiff's Motion to Alter or Amend the Court's Grant of Summary Judgment in Favor of the Defendant on Her Disability Claim

The plaintiff also asks the Court to reconsider its grant of summary judgment in favor of the defendant on her disability discrimination claim. She makes four arguments:

---

[2] In support of its argument, the defendant cites Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999), a case decided at the summary judgment stage after the district court had the opportunity to engage in a fact-based examination of the plaintiff's claims to determine whether she had suffered an adverse employment action. Currently, the Court is only reexamining whether it properly granted the defendant's motion to dismiss her retaliation claim, not a grant of summary judgment. Furthermore, unlike the situation in Brown, the Court has not examined whether the defendant's acts caused the "objectively tangible harm" required for the plaintiff to establish her prima facie case. See Coleman-Adebayo, 326 F.Supp.2d at 144 n.8, quoting Brown, 199 F.3d at 457. Therefore, Brown is no support for the argument that the Court should dismiss the plaintiff's retaliation claims at this stage of the litigation.

(1) contrary to the Court's conclusion, her complaint does request a reasonable accommodation on account of her multiple sclerosis, glaucoma and optic neuritis; (2) alternatively, she requests leave of the Court to amend her complaint to request a reasonable accommodation on the basis of her multiple sclerosis, glaucoma and optic neuritis; (3) her hypertension is not mitigated or controlled and therefore constitutes a disability under the Rehabilitation Act; and (4) the Court applied the wrong standard in granting summary judgment in favor of the defendant. See Pl.'s Mem. at 8, 13, 14-15, 18. In view of the law as discussed in the Court's earlier opinion and the medical evidence and opinions offered by plaintiff, the Court finds none of these arguments persuasive.

In her complaint, the plaintiff states that she is disabled because she suffers from four conditions: multiple sclerosis, hypertension, glaucoma and optic neuritis. See Compl. ¶ 11. The Court, however, found that the plaintiff's complaint only sought reasonable accommodations because of her hypertension and related stress. Coleman-Adebayo, 326 F.Supp.2d at 139l; see Complaint ¶¶ 35-37. After reviewing plaintiff's medical documentation, the Court concluded that the plaintiff was not disabled because her hypertension could be controlled and only affected her when working in an EPA office. See Coleman-Adebayo, 326 F.Supp.2d at 142-43, citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 481-82 (1999) (holding that an impairment is not a disability if it can be corrected or mitigated). Thus, the Court held that the plaintiff was not entitled to an accommodation for a condition which was not a disability under the statute and entered summary judgment in favor of the defendant. See Coleman-Adebayo, 326 F.Supp.2d at 143-44.

The plaintiff argues that the Court erred because her complaint alleges that she is not only disabled because of her hypertension, but also because of her multiple sclerosis, glaucoma and optic neuritis. See Pl.'s Mem. at 8. Plaintiff therefore maintains that even if her hypertension is not a disability, she is still entitled to a reasonable accommodation because the other three conditions are disabilities under the statute. She contends that the Court itself recognized that all four conditions formed the basis for her accommodation request when stating that "[t]he essence of [plaintiff's] discrimination claim . . . is that in ordering her back to an EPA office, the defendant denied her the ability to work at home that she originally requested in 2001, and that she continued to work at home because of her multiple sclerosis, hypertension, glaucoma and optic neuritis." See id., quoting Coleman-Adebayo, 326 F.Supp.2d at 139. As the plaintiff points out, however, the Court later wrote that although "[i]n her arguments plaintiff invokes four conditions in support or her claim of disability and her request for a reasonable accommodation," her complaint "only seeks an accommodation of working at home for her hypertension, or elevated blood pressure, and the related stress." See Pl.'s Mem. at 8, quoting Coleman-Adebayo, 326 F.Supp.2d at 141 (citing her Complaint at ¶¶ 35-36 and the opinion of her cardiologist).

The plaintiff argues that the Court's first statement is correct because it accurately reflects paragraph eleven of her complaint, which states that she is "disabled due to multiple sclerosis, hypertension, optic neuritis and glaucoma." See Pl.'s Mem. at 9; Compl. ¶ 11. Paragraph eleven of the plaintiff's complaint, however, only establishes that she alleges a disability on the basis of four conditions; it does not connect her request for a reasonable accommodation to all four conditions. Further, a review of the context in which each of the

8

Court's statements was made resolves any apparent contradiction.  The Court's first statement was in response to the defendant's motion to dismiss the plaintiff's disability claim and only reflected a summary of the plaintiff's pleadings.  See Coleman-Adebayo, 326 F.Supp.2d at 139.  In that context, the Court was just measuring the plaintiff's allegations to determine whether she had met the low threshold required to state a claim.  The Court's second statement was in response to the defendant's motion for summary judgment and therefore part of a more thorough examination of documents and deposition testimony as measured against the standard for summary judgment.  See id. at 141.  This distinction is demonstrated by the Court's explanation that, while denying the defendant's motion to dismiss the plaintiff's disability discrimination claim, "it remains to be determined whether the plaintiff is entitled to a preliminary injunction on her disability discrimination claim and whether the defendant is entitled to summary judgment."  Id. at 140.  Thus, not only were both of the Court's statements accurate, but neither establishes that the plaintiff's request for an accommodation was based on anything other than her hypertension.

      The plaintiff next contends that the Court should have concluded that her request for a reasonable accommodation was based on all four conditions, and not just hypertension, because her neurologist (who was treating her multiple sclerosis) and her opthalmologist (who was treating her glaucoma and optic neuritis) also recommended that she be allowed to work from home.  See Pl.'s Mem., p. 9-11.  Neither doctor, however, stated that the plaintiff's actual conditions required her to work from home.  The plaintiff's neurologist based his recommendation on the effect of stress on her multiple sclerosis but not on her condition itself.

See Letter from Dr. Loring, Pl. Ex. 49 at 3.[3]  Similarly, the plaintiff's opthalmologist stated that she did not even suffer from glaucoma, but recommended that she work from home because it "has been beneficial for the patient as this is a stress-free environment for her."  Complaint ¶ 36; Letter from Dr. Wilson, Pl. Ex. 44 at 2-3.  These letters indicate that, although the plaintiff may be disabled due to her multiple sclerosis, glaucoma and optic neuritis, her request for accommodations has never been based on these conditions.  They also indicate that there is no medical support for her accommodation request on these bases.  Because the medical evidence only connects the plaintiff's request for a reasonable accommodation with her hypertension, the Court sees no basis for allowing the plaintiff to amend her complaint.

    Plaintiff's third argument is that the Court erred in concluding that her hypertension is controlled when she is at home and therefore does not constitute a disability.  See Pl.'s Mem. at 15.  The crux of plaintiff's argument is that, notwithstanding her doctor's opinion that her hypertension is controlled, she continues to suffer from serious medical problems relating to hypertension that affect her major life activities of breathing and walking even when she is at home.  See id. at 15-16.  After reexamining the plaintiff's own medical evidence, the Court cannot say that its conclusion was clear error.  In a letter dated November 19, 2003, the plaintiff's cardiologist stated that "[s]he is presently on medication for her hypertension and her blood pressure is well controlled . . . .  While working at the EPA offices her blood pressure was very difficult to control."  See Compl. ¶ 35.  A separate letter also states that "[w]orking from home allows Dr. Coleman-Adebayo's condition to be controlled."  Pl.'s Mem. at 16; Pl. Ex. 43 at

---

   [3] As the Court's Opinion noted, many courts have concluded that a stress-induced impairment is not a disability and/or that a stress-free workplace is an unreasonable accommodation.  See Coleman-Adebayo, 326 F. Supp.2d at 141 n. 6.

3. The clear import of her doctor's opinion is that, though she may continue to suffer some lesser degree of symptoms while at home, the plaintiff's hypertension can be controlled. Thus, the plaintiff has not demonstrated that the Court erred in finding that her hypertension was not a disability.

The plaintiff's final argument is that the Court was clearly erroneous in granting summary judgment in favor of the defendant on the standard that the she was "unlikely to prevail on the merits of her disability claim." Coleman-Adebayo, 326 F.Supp.2d at 144. The plaintiff confuses the Court's examination of the defendant's motion for summary judgment with its consideration of her request for a preliminary injunction. The Court granted summary judgment in favor of the defendant because the plaintiff could not establish her prima facie case – her hypertension was not a disability and she therefore was not entitled to a reasonable accommodation. The Court's grant of summary judgment in favor of the defendant therefore made it unlikely that the plaintiff would "prevail on the merits" and denied her request for a preliminary injunction. The Court thus finds no error in the standard it applied in granting summary judgment in favor of the defendant.

For these reasons, plaintiff's motion under Rule 59(e) to alter or amend judgment is GRANTED in part and DENIED in part. An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

_____\\s\\_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 29, 2005

11