**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


Marsha Lynne Coleman-Adebayo,

      Plaintiff,

      v.                              Civil Action No. 03-2428 (PLF/JMF)

Stephen L. Johnson,

      Defendant.


**MEMORANDUM OPINION**

      Plaintiff's counsel, Terris, Pravlik & Milian, ("withdrawing counsel") has moved to

withdraw.  Their client opposes their motion and seeks a judicial order requiring them to

continue the representation.  In the alternative, plaintiff asks that, if counsel are permitted to

withdraw, they be ordered to refund the fees they have been paid.

      Many lengthy settlement discussions were had in the hopes of resolving this dispute and

moving this case forward.  Unfortunately, they were unsuccessful, and I must now resolve the

withdrawing counsel's motion.  For the reasons stated herein, I must grant it.

**The Motion**

      In moving to withdraw, plaintiffs' counsel stated:

> Prior to filing this motion, Mr. Shaw informed Ms. Coleman-
> Adebayo that counsel believe that there are insurmountable
> differences in the strategy plaintiff believes is best for her situation
> compared to the strategy that counsel think should be pursued.
> Because of these, and other differences, counsel believe that the
> critical confidence required between Ms. Coleman-Adebayo and
> her counsel has been lost.  Mr. Shaw therefore informed Ms.
> Coleman-Adebayo that the law firm intended to withdraw as her
> counsel.  Thereafter, counsel confirmed, in writing, the intent to
> withdraw and advised Ms. Coleman-Adebayo to retain new

counsel.

<u>Motion of Bruce J. Terris and Michael G. Shaw to Withdraw as Counsel for Plaintiff</u> at 2.

The retainer agreement[1] provides for an hourly rate and for payment when the client is billed, as opposed to a contingent fee.  Plaintiff does not deny that she is in arrears in her financial obligations to withdrawing counsel and cannot now make a payment of their fees as they become due.

In the retainer agreement, the firm reserved the right to terminate its representation of plaintiff at any time.  But, since the client does not consent, our Local Rule 83.6 applies.  As I have previously stated of that rule:

> Under Local Rule 83.6, an attorney must obtain leave of the court to withdraw if "a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney...." Local Rule 83.6 (c).  "The court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." Local Rule 83.6(d).

<u>Naegele v. Albers</u>, No. 03-CV-2507, 2005 WL 2994363, at *1 (D.D.C. Oct. 28, 2005).

A consideration of these factors militates in favor of granting the motion.

First, a trial date has not been set.  The delay encountered in the completion of discovery, while regrettable, was necessary to see if the motion could be resolved and was time well spent.  While that effort failed, I see no reason why the case cannot resume from where it stopped when settlement discussions began or why that delay has prejudiced plaintiff or resulted in any loss of evidence.  In that context, I expect withdrawing counsel to cooperate with successor counsel or

---

[1] I will try as best I can to preserve the confidentiality of the payment terms in the retainer agreement, and I have caused a redacted copy of the agreement to be filed herein.

plaintiff, if she proceeds *pro se*, in assembling information that counsel secured in the representation that she or her new counsel will need to go forward.  I do not understand withdrawing counsel to be asserting any lien on any documents, conditioned on a payment of past due fees.  In any event, plaintiff cannot make any such payment, and I will intervene if necessary to assure a fair and smooth transition between withdrawing counsel and new counsel or plaintiff, if she proceeds *pro se*.  Thus, with no trial date set and my expectation of a smooth transition, I see no prejudice to plaintiff's prosecution of her case.

Plaintiff, nevertheless, counters that the motion to withdraw is unethical.  I appreciate that the exercise of the discretion granted by the Local Rule may be informed by the pertinent applicable ethical rules.  See D.C RULES OF PROFESSIONAL CONDUCT 1.16(b).  If the court does not order the lawyer to proceed, despite the motion to withdraw, the rule absolutely grants the lawyer the right to withdraw, provided her client's interests are not materially and adversely affected.

Plaintiff, however, reads this rule to state that unless a reason specified in that rule is presented, the lawyer cannot withdraw.  She misreads the rule.  The pertinent rule provides:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> > (1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> >
> > (2) The client has used the lawyer's services to perpetrate a crime or fraud;
> >
> > (3) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that

3

the lawyer will withdraw unless the obligation is
fulfilled;

(4) The representation will result in an unreasonable
financial burden on the lawyer or obdurate or
vexatious conduct on the part of the client has
rendered the representation unreasonably difficult;

(5) The lawyer believes in good faith, in a
proceeding before a tribunal, that the tribunal will
find the existence of other good cause for
withdrawal.

(c) A lawyer must comply with applicable law requiring notice to
or permission of a tribunal when terminating a representation.
When ordered to do so by a tribunal, a lawyer shall continue
representation notwithstanding good cause for terminating the
representation.

D.C RULES OF PROFESSIONAL CONDUCT 1.16 (2007).

Plaintiff reads the rule to prohibit withdrawal unless one of the conditions in subsections

(1) through (5) of subparagraph (b) of the rule applies.  Since, according to her, none do, counsel

may not withdraw. Plaintiff[’]s Objection to Terris, Pravlik & Milian[’]s Motion to Withdraw

("Plains. Obj.") at 4.  But, subparagraph (b) is stated in the disjunctive: "(b) Except as stated in

paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be

accomplished without material adverse effect on the interests of the client *or if*" [one of the

conditions in subsections (1) through (5) applies]. D.C. RULES OF PROFESSIONAL CONDUCT 1.16

(2007) (emphasis added).  Thus, a lawyer may withdraw (subject to the court's authority) at any

time so long as her doing so does not effect her client's interest in a materially adverse way

whether or not any of the conditions in subsections (1) through (5) applies.

Furthermore, even if withdrawing counsel must meet one of the conditions specified in

subsections (1) through (5) of Rule 1.6, withdrawing counsel surely meets the requirements of

4

subsection (3) i.e., which permits withdrawal if "[t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." D.C. RULES OF PROFESSIONAL CONDUCT 1.16 (b)(3).  Thus, there is nothing unethical in counsel's moving to withdraw because the firm has not been paid.

There remains therefore only the question of whether withdrawal would unfairly prejudice plaintiff or is otherwise not in the interest of justice. LCvR 83.6(b).  Plaintiff insists that she is prejudiced because she will have to proceed *pro se.*  She protests that no lawyer will take her case subject to the outstanding financial obligation she has to withdrawing counsel and that therefore I must order counsel to continue the representation even though (1) they have not been paid either for the services previously rendered or for those that would have been rendered in the future and (2) the retainer agreement specifically permits counsel to withdraw if they have not been paid. Plains. Obj. at 4.

The retainer agreement provides, however, that "[a]ny controversy or claim arising out of or relating to a fee dispute arising under this Agreement shall be settled by arbitration by the Attorney-Client Arbitration Board . . . of the District of Columbia Bar Association." Retainer Agreement ¶ 10.  It would therefore appear that any claim by plaintiff regarding the illegitimacy of any demand by her attorneys and any further claim by her that they return what she has paid them must be settled by arbitration and not by the Court.

Even if I am wrong, I am not aware of any authority that would permit me nevertheless to impress counsel into her indefinite service without compensation, let alone work a forfeiture of what they have been paid, in the teeth of the retainer agreement she signed in which she agreed

to pay them and to permit them to withdraw if she did not.  While plaintiff may hope that she will not have to pay counsel until she secures a judgment or a settlement, I cannot convert the agreement she signed, one that compelled her to pay an hourly rate, irrespective of success, into a contingent one entirely dependent on success.  I have the authority to enforce an agreement between parties, but I cannot create a new agreement, against one party's wishes, because the actual agreement is no longer to the other party's liking.

I therefore must grant the motion to withdraw because consideration of the factors specified in Local Rule 83.6 require that I do so.  I reach this denouement sadly; I had hoped to reach a different result in settlement but it was not to be.  Nevertheless, I cannot find any reason in law or equity that would permit me to deny counsel's motion.

An Order accompanies this Memorandum Opinion.

_____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE