UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>Plaintiff,<br><br>v.<br><br>GINA McCARTHY, Administrator, U.S. Environmental Protection Agency,<br><br>Defendant. | Civil Action No. 11-1263 (PLF/JMF)<br>11-1061 (PLF/JMF)<br>06-1731 (PLF/JMF)<br>04-1399 (PLF/JMF)<br>03-2428 (PLF/JMF) |

**STIPULATED PROTECTIVE ORDER**

This is a consolidated action in which Plaintiff alleges that Defendant took adverse actions against her in violation of various federal employment laws. Each party anticipates seeking and/or disclosing personnel, medical, and other records that are likely to contain information that should be protected from public disclosures, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Accountability Act. In order to permit the parties to have access to and use such information for purposes of this litigation without undermining legitimate privacy concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation. Without limiting the generality of the foregoing, counsel for defendant

may release to counsel for plaintiffs information covered by the Privacy Act whether such release is pursuant to discovery or otherwise, for use in this case.

2. Counsel for either party to this litigation may initially designate as "protected" hereunder any information exchanged or used in this case if counsel deems, in good faith, that release of such information could constitute an unreasonable invasion of privacy. A party designating information as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information is in fact deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at http://www.dcd.uscourts.gov/dcd/civil_privacy_notice], for typical examples of material deserving "protected" status.

3. In designating information as protected, the party so designating it shall identify the protected information with specificity in writing. Either party's counsel may, at any time, object to the designation of information as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

4. Protected information provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Protected information may be used only for purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to

anyone other than: (i) plaintiff and counsel for plaintiff, such counsel's firm and its employees, and outside consultants and experts retained by plaintiff to assist such counsel specifically for purposes of this litigation; (ii) counsel for the defendant and other employees of the United States government who have a need to know the protected information for the defense or prosecution of this case, and outside consultants and experts retained by the defendant specifically for purposes of this litigation; (iii) witnesses and potential witnesses in this case; (iv) the person whose privacy interests are meant to be protected with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); (v) court reporters who record and/or transcribe proceedings in this case; and (vi) the Court and its Clerk and other support personnel.

(b) It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms, all outside consultants and experts, and any other persons to whom they disclose protected information pursuant to the terms hereof, and to use their best efforts to insure that all such persons comply with this order.

(c) The filing of materials containing protected information shall conform with Local Civil Rule 5.4(f) and the Court's "Notice Regarding Privacy and Public Access to Electronic Case Files."

(d) All material containing protected information shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals); provided, however, that one copy of such material and any legal memoranda, briefs, and work product containing protected information may be retained for archival purposes if such materials are kept in the possession of

a private litigant's counsel or in the possession of a governmental entity, and are not in the future disclosed contrary to the provisions of this order.

(e) Counsel shall endeavor to avoid revealing protected information in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this order.

5. Counsel shall promptly report any breach of the provisions of this order to the Court and counsel for the party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

6. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to the producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

7. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff

or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

8. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

9. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by a letter from counsel for the designating party or by an Order of the Court.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

Dated:

Respectfully submitted,

It is so ORDERED by the Court this 19th day of September, 2016

PAUL L. FRIEDMAN
United States District Judge