UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA L. COLEMAN-ADEBAYO,<br><br>Plaintiff,<br>v.<br><br>GINA McCARTHY, Administrator,<br>U.S. Environmental Protection Agency,<br><br>Defendant. | Civil Action Nos. 03-2428 (PLF)<br>04-1399 (PLF)<br>06-1731 (PLF)<br>11-1061 (PLF)<br>11-1263 (PLF) |

**STIPULATION OF SETTLEMENT**

Plaintiff, Marsha Coleman-Adebayo ("Plaintiff"), and Defendant Gina McCarthy, Administrator, U.S. Environmental Protection Agency ("Defendant"), by and through their undersigned counsel, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed with prejudice on the following terms:

1. Settlement Payment. Defendant shall pay Plaintiff the total sum of Two Hundred and Seventy-Five Thousand Dollars and No Cents ($275,000.00) to settle Plaintiff's allegations of personal injury claims for physical illness and/or injuries. In addition, Defendant shall pay Plaintiff the total sum of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00) in attorneys' fees. Payment shall be made by an electronic transfer of funds into the Trust Account of Swick & Shapiro, P.C. as specified in written instructions provided to Defendant's counsel by Plaintiff's counsel. Payment shall be delivered as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to insure that all documentation required to process both payments are complete and accurate. The

total payment of Two Hundred and Seventy-Five Thousand Dollars and No Cents ($275,000.00) is inclusive of any and all pecuniary, non-pecuniary, compensatory damages, and other damages of any type, arising out of or regarding Plaintiff's employment with Defendant through the date of approval of the Stipulation of Settlement ("Stipulation") by the District Court. The total sum of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00) payment for attorneys' fees is inclusive of, and represents a payment in full, for all of Plaintiff's attorney's fees, costs, expert witness costs and fee, and any other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses. Plaintiff agrees not to present or authorize any further application for attorney's fees in connection with this action. Upon being notified of the filing of any such application, Plaintiff will have his undersigned counsel enter an appearance and oppose the application.

2. FECA Benefits. Defendant agrees not to oppose Plaintiff's continued receipt of the current benefits provided by the Federal Employee's Compensation Act (FECA), as administered through the U.S. Department of Labor's Office of Worker's Compensation Program ("OWCP").

3. Future Employment. As Plaintiff is permanently disabled, and as Defendant, the Environmental Protection Agency ("EPA"), cannot reasonably accommodate Plaintiff as an employee under the Rehabilitation Act, Plaintiff will not seek employment with the Environmental Protection Agency for at least ten years from the date this Stipulation is approved by the Court.

4. OWBPA Compliance. Plaintiff agrees that she has been given at least twenty-one (21) days from receipt of the initial draft of this Stipulation, to consider terms. If Plaintiff

chooses to sign this Stipulation before this 21-day consideration period has elapsed, Plaintiff acknowledges that her decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to Defendant or EPA's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period. Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By his signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this Stipulation.

5. Dismissal with Prejudice. Unless Plaintiff timely exercises her right to rescind this Stipulation as provided in Paragraph 4 hereof, Defendant's counsel may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by Plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

6. Release. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil

action and any administrative claims, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against Defendant, the Environmental Protection Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the Defendant, the Environmental Protection Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which he has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and/or the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation

decisions or practices that occurred before the date Plaintiff signs this Stipulation which may affect Plaintiff's future compensation, or (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Environmental Protection Agency employees based on their federal service, or (iii) any right to enforce the terms of this Stipulation.

7. No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein, except to those attorneys who represent her with regard to this litigation and who have represented her in the past with regard to this litigation or any part thereof. Plaintiff shall indemnify, hold harmless, and defend Defendant, the Environmental Protection Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

8. No Admission of Liability. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the Environmental Protection Agency, or any of the Environmental Protection Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an

admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Environmental Protection Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except in proceedings to implement or enforce the terms of this Stipulation.

9. Tax Consequences. Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

10. Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

11. Amendments. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

12. Construction. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is

construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

13. Headings. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

14. Severability. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

15. Further Assurances. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

16. Right to Cure. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) calendar days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

17. Notices. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

If to Plaintiff: Marcia L. Coleman-Adebayo
8815 Earl Court
Bethesda, MD 20817

with copy to: David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC 20005
Email: dhshapiro@swickandshapiro.com
Fax: (202) 842-1418

If to Defendant: Tia Miller, Esq.
Attorney Advisor
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460
Email: miller.tia@epa.gov
Fax: (202) 564-5432

with copy to: Wynne P. Kelly
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Email: wynne.kelly@usdoj.gov
Fax: (202) 252-2599

18. Execution. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original signature.

19. Governing Law. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

20. Binding Effect. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the

settlement agreement contained herein shall not become effective or enforceable until the revocation period provided for in Paragraph 4 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Marsha Coleman-Adebayo
MARSHA COLEMAN-ADEBAYO
*Plaintiff*

Date: 12/07/2016

DAVID H. SHAPIRO
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
*Counsel for Plaintiff*

Date: Dec. 7, 2016

CHANNING D. PHILLIPS
D.C. Bar # 415793
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

WYNNE P. KELLY
Assistant United States Attorney
*Counsel for Defendant*

Date: December 14, 2016